UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

v.

ASHLEY RENEA HILLIGOSS

CASE NO. 5:21-cr-45-JA-PRL
18 U.S.C. § 2251(a)
18 U.S.C. § 2252A(a)(2)

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

On or about October 29, 2020, in the Middle District of Florida, and elsewhere, the defendant,

ASHLEY RENEA HILLIGOSS,

did employ, use, persuade, induce, entice, and coerce a minor to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce; and the visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce.

In violation of 18 U.S.C. § 2251(a) and (e).




## COUNT TWO

On or about October 29, 2020, in the Middle District of Florida, and elsewhere, the defendant,

### ASHLEY RENEA HILLIGOSS,

did knowingly distribute child pornography, that is, a visual depiction of a minor engaging in sexually explicit conduct, that had been shipped and transported using any means and facility of interstate and foreign commerce and that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

In violation of 18 U.S.C. § 2252A(a)(2) and (b)(1).

## FORFEITURE

1. The allegations contained in Counts One and Two are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 2253.

2. Upon conviction of a violation of 18 U.S.C. §§ 2251(a) or 2252A(a)(2), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 2253:

    a. Any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B, or 2260 of chapter 110 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of chapter 110;

    b. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

   c. Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

  3. If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b).

A TRUE BILL,

_____
Foreperson

KARIN HOPPMANN
Acting United States Attorney

By: _____
William S. Hamilton
Assistant United States Attorney

By: _____
Robert E. Bodnar, Jr.
Assistant United States Attorney
Chief, Ocala Division

FORM OBD-34
June 21

No. 21-1-13

UNITED STATES DISTRICT COURT
Middle District of Florida
Ocala Division

THE UNITED STATES OF AMERICA

vs.

ASHLEY RENEA HILLIGOSS

INDICTMENT

Violations: 18 U.S.C. § 2251(a)
18 U.S.C. § 2252A(a)(2)

A true bill,

_____
Foreperson

Filed in open court this 22 day

of June 2021.

_____
Clerk

Bail $_____

GPO 863 525