AF Approval _W/S/t for N.A._                     Chief Approval 

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO. 5:21-cr-45-JA-PRL

ASHLEY RENEA HILLIGOSS

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by

Karin Hoppmann, Acting United States Attorney for the Middle District of

Florida, and the defendant, Ashley Renea Hilligoss, and the attorney for the

defendant, Christine Bird, Esquire, mutually agree as follows:

### A.  Particularized Terms

1.  Count Pleading To

The defendant shall enter a plea of guilty to Count One of the

Indictment (Doc. 17).  Count One charges the defendant with production of

child pornography in violation of 18 U.S.C. § 2251(a) and (e).

2.  Minimum and Maximum Penalties

Count One is punishable by a mandatory minimum term of

imprisonment of 15 years up to a maximum of 30 years, a fine of up to

$250,000, a mandatory minimum term of supervised release of 5 years up to a

maximum of lifetime supervision, and a special assessment of $100 per felony

Defendant's Initials _AH_

count.  With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offenses, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offenses, or to the community, as set forth below.

Additionally, pursuant to 18 U.S.C. § 3014, the Court shall impose a $5,000 special assessment on any non-indigent defendant convicted of an offense in violation of certain enumerated statutes involving: (1) peonage, slavery, and trafficking in persons; (2) sexual abuse; (3) sexual exploitation and other abuse of children; (4) transportation for illegal sexual activity; or (5) human smuggling in violation of the Immigration and Nationality Act (exempting any individual involved in the smuggling of an alien who is the alien's spouse, parent, son or daughter).

3.    Elements of the Offenses

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty.  The elements of Count One are:

> First:     An actual minor, that is, a real person who was less than 18 years old, was depicted;
>
> Second:  The Defendant used the minor to engage in sexually explicit conduct for the purpose of producing an image or images of the conduct; and,

Defendant's Initials _____                    2

Third:      Either (a) the Defendant knew or had reason to
know that the images would be mailed or
transported in interstate or foreign commerce; (b)
the images were produced using materials that had
been mailed, shipped, or transported in interstate
commerce by any means, including by computer; or
(c) the images were mailed or actually transported
in interstate or foreign commerce.

4.     Count Dismissed

At the time of sentencing, the remaining count against the
defendant, Count Two, will be dismissed pursuant to Fed. R. Crim. P.
11(c)(1)(A).

5.     No Further Charges

If the Court accepts this plea agreement, the United States
Attorney's Office for the Middle District of Florida agrees not to charge
defendant with committing any other federal criminal offenses known to the
United States Attorney's Office at the time of the execution of this agreement,
related to the conduct giving rise to this plea agreement.

6.     Mandatory Restitution to Victim of Offense of Conviction

Pursuant to 18 U.S.C. § 2259, defendant agrees to make
restitution to known victims of the offense for the full amount of the victims'
losses as determined by the Court. Further, pursuant to 18 U.S.C.
§ 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing
hearing if the victims' losses are not ascertainable prior to sentencing.

Defendant's Initials _____             3

7.    Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a).  The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level.  The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot

Defendant's Initials                    4

and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

        8.    Cooperation - Substantial Assistance to be Considered

        Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require. If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG § 5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both. If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation

Defendant's Initials ____

5

qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b).  In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

      9.    Use of Information - Section 1B1.8

Pursuant to USSG § 1B1.8(a), the United States agrees that no self-incriminating information which the defendant may provide during the course of defendant's cooperation and pursuant to this agreement shall be used in determining the applicable sentencing guideline range, subject to the restrictions and limitations set forth in USSG § 1B1.8(b).

      10.    Cooperation - Responsibilities of Parties

      a.    The government will make known to the Court and other relevant authorities the nature and extent of defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime.  However,

Defendant's Initials _____      6

the defendant understands that the government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

      b.    It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

      (1)    The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

      (2)    The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and may either seek reinstatement of or refile such charges and prosecute the defendant thereon in the event such charges have been dismissed pursuant to this agreement. With regard to such charges, if any, which have been dismissed, the defendant, being fully aware of the nature of all such charges now pending in the instant case, and being further aware of defendant's rights,

Defendant's Initials _____       7

as to all felony charges pending in such cases (those offenses punishable by imprisonment for a term of over one year), to not be held to answer to said felony charges unless on a presentment or indictment of a grand jury, and further being aware that all such felony charges in the instant case have heretofore properly been returned by the indictment of a grand jury, does hereby agree to reinstatement of such charges by recission of any order dismissing them or, alternatively, does hereby waive, in open court, prosecution by indictment and consents that the United States may proceed by information instead of by indictment with regard to any felony charges which may be dismissed in the instant case, pursuant to this plea agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

(3)     The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this agreement, the United States agrees to forego, and the defendant agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

(4)     The government may use against the defendant the defendant's own admissions and statements and the information and books,

Defendant's Initials                8

papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

(5) The defendant will not be permitted to withdraw the guilty pleas to those counts to which defendant hereby agrees to plead in the instant case but, in that event, defendant will be entitled to the sentencing limitations, if any, set forth in this plea agreement, with regard to those counts to which the defendant has pled; or in the alternative, at the option of the United States, the United States may move the Court to declare this entire plea agreement null and void.

11.   Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 2253, whether in the possession or control of the United States, the defendant or defendant's nominees.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein

Defendant's Initials _____          9

constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

       If the United States seeks the forfeiture of specific assets pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered.  In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

       The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing.  To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years.  The defendant further agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.  The defendant further agrees to be

Defendant's Initials _____          10

polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding

Defendant's Initials ____    11

the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed forfeiture amount, is collected in full.

      12.   Sex Offender Registration and Notification

      The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure

Defendant's Initials _____      12

to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

**B.    Standard Terms and Conditions**

      1.    Restitution, Special Assessment and Fine

          The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense, pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense, pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement.  The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

          On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013.  The special

Defendant's Initials _____        13

assessment is due on the date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

    2.    <u>Supervised Release</u>

The defendant understands that the offenses to which the defendant is pleading provides for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

    3.    <u>Immigration Consequences of Pleading Guilty</u>

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

    4.    <u>Sentencing Information</u>

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any

Defendant's Initials _____        14

misstatements or inaccuracies.  The United States further reserves its right to

make any recommendations it deems appropriate regarding the disposition of

this case, subject to any limitations set forth herein, if any.

     5.     *Financial Disclosures*

     Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P.

32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United

States Attorney's Office within 30 days of execution of this agreement an

affidavit reflecting the defendant's financial condition.  The defendant

promises that her financial statement and disclosures will be complete,

accurate and truthful and will include all assets in which she has any interest

or over which the defendant exercises control, directly or indirectly, including

those held by a spouse, dependent, nominee or other third party.  The

defendant further agrees to execute any documents requested by the United

States needed to obtain from any third parties any records of assets owned by

the defendant, directly or through a nominee, and, by the execution of this

Plea Agreement, consents to the release of the defendant's tax returns for the

previous five years.  The defendant similarly agrees and authorizes the United

States Attorney's Office to provide to, and obtain from, the United States

Probation Office, the financial affidavit, any of the defendant's federal, state,

and local tax returns, bank records and any other financial information

Defendant's Initials ⏤⏤⏤         15

concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6.    Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make

Defendant's Initials _____        16

with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7.      Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8.      Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this

Defendant's Initials _____      17

office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.     Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.     Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind.  The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any).  The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront

Defendant's Initials                          18

and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.   Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

Defendant's Initials _____          19

12.   Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13.   Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this ___12th___ day of ~~September,~~ 2021.
November

KARIN HOPPMANN
Acting United States Attorney

Ashley Renea Hilligoss
Defendant

William S. Hamilton
Assistant United States Attorney

Christine Bird, Esquire
Attorney for Defendant

Robert E. Bodnar, Jr.
Assistant United States Attorney
Chief, Ocala Division

Defendant's Initials _____          20

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

v.                                                      CASE NO. 5:21-cr-45-JA-PRL

ASHLEY RENEA HILLIGOSS

PERSONALIZATION OF ELEMENTS

First:      Do you admit that, on or about October 29, 2020 within the

            Middle District of Florida, that you used an actual minor

            (approximately 4-5 years old) to engage in sexually explicit

            conduct for the purpose of producing images of the conduct?

Second:     Do you admit that the images produced depicted an actual

            minor, that is, a real person who was less than 18 years old?

Third:      Do you admit that the images were mailed or actually

            transported in interstate or foreign commerce, specifically, over

            the Internet?

Defendant's Initials _____                    21

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

v.                                           CASE NO. 5:21-cr-45-JA-PRL

ASHLEY RENEA HILLIGOSS

FACTUAL BASIS

On December 2, 2020, federal agents executed a federal search warrant

for a cellular phone used by an individual named D.S..  Agents reviewing the

contents of the cellular phone noted that one of the installed applications was

a cloud storage app named "Mega."

Agents were able to open D.S.'s "Mega" application and noted that

D.S.'s Mega account contained approximately 137 gigabytes of total data.

Agents reviewed the file structure and file names of the data stored in D.S.'s

Mega account and discovered that most of the material consisted of videos or

images of child pornography.

On December 14, 2020, Ashley Hilligoss (Hilligoss) called the FBI to

advise that she had previously been involved in a relationship with D.S. and

had some concerns.  Among her concerns, Hilligoss described how she had

"inadvertently" sent a picture of a minor relative's vagina to D.S.  The image

Defendant's Initials                   22

actually had been created by Hilligoss and D.S., and Hilligoss subsequently sent the image to D.S. over the internet.

On June 2, 2021, a federal search warrant was issued for the Mega account discovered by agents when they seized the iPhone. As a result of the search warrant, Mega was able to recover over 17,000 files (approximately 290 gigabytes of images and videos) which depict the sexual abuse or exploitation of children. In addition, Mega reported two related accounts using the same password belonging to the same user (D.S.).

On June 9, 2021, search warrants were executed to Mega for these related accounts, which are associated with email addresses bearing D.S.'s first, last, and middle names. These accounts belonged to D.S. Mega complied with the search warrants and located 586 files in 28 folders in one of these accounts. Many of these files depict the sexual abuse or exploitation of children.

Review of the material provided by Mega showed that one of the folders on the accounts contained a series of ten photographs. One of these photographs depicts Hilligoss and the underaged female relative, approximately 4 years old, standing together in the living room of Hilligoss's Citrus County residence. Other photographs depict the minor engaged in sexually explicit conduct. The photographs have a listed creation date of

Defendant's Initials _____        23

October 29, 2020, which reflects either the date the files were created or the date they were uploaded to D.S.'s Mega account.

A review of another folder found on the Mega account revealed one additional picture involving Hilligoss and the minor female child. The photograph is a screen capture from a Facebook Messenger conversation. The screen capture shows that the text communications are from Hilligoss. Her Facebook account name is listed at the top. The conversation in the screen capture show Hilligoss sending a message that states "Yeah." The next communication is a video sent from D.S. The video could not be viewed as the photograph is only a screen capture of the conversation. However, the still frame of the sent video clearly shows D.S.'s left hand holding a cellular phone, and the cellular phone is displaying a photograph depicting the minor engaged in sexually explicit conduct described above. D.S.'s right hand is visible in the photograph and is wrapped around his erect penis, masturbating to the photograph. The screen capture displays Hilligoss's reaction to D.S.'s acts— "I like it."

On June 14, 2021, Hilligoss was interviewed at her residence located in Citrus County. Hilligoss admitted to taking the photographs of the minor child and sending them to D.S. over the Internet at his request. The

Defendant's Initials                     24

photographs were taken and sent in Citrus County, within the Middle District of Florida.

Hilligoss admitted to sending the pictures to D.S. that were discovered in one of the Mega account folders. Hilligoss also admitted that the screen capture of the Facebook conversation depicted the conversation which took place between her and D.S.. Hilligoss said that she remembered D.S. sending her the video depicted in the screen capture, and that the video showed D.S. masturbating to the child pornography image she had sent to D.S. at his request.

Defendant's Initials                    25